## ST. LOUIS SOUTHWESTERN RY. CO. OF TEXAS v. STEELE.

### No. 4195.

Court of Civil Appeals of Texas. Texarkana.

May 12, 1932.

was responsible. It is the law that negligence of an employer is not one of the risks incident to an employee's undertaking, and that the latter, when ignorant of the existence of such negligence, as defendant in error was in the instant case, does not assume the risk of injury incurred in·doing the work. 39 C. J. 684, 896, and authorities there cited.

The judgment is affirmed.

Ramey, Calhoun & Marsh, of Longview, and N. L. Dalby, of Texarkana, for plaintiff in error.

Wm. V. Brown, of Texarkana, and Danaher & Danaher, of Pine Bluff, Ark., for defendant in error.

WILLSON, C. J. (after stating the case as above).

Plaintiff in error insists that the effect of the findings· of the jury in answer to the questions numbered 1, 2, 3, 4, 5, and 6, set out in the statement above, was to determine it was guilty of actionable negligence, whereas the effect of the finding in answer to the question numbered 15, set out in said statement, was to determine "there (quoting) was no negligence on the part of appellant, (plaintiff in error) its agents and servants, but that ·appellee (defendant in error) was injured by one of the risks and dangers ordinarily incident to the employment." On the theory that the findings specified therefore were in conflict and destroyed each other, plaintiff in error insists, further, that same could not be treated as a sufficient basis for the judgment rendered against it.

We think an issue as to assumed risk was not raised by the evidence, that such an issue therefore should not have been submitted to the jury, and that the trial ·court in rendering judgment should, as evidently he did, have ignored, because immaterial, the finding of the jury in response to said question numbered 15 propounded to them. If it should be conceded it appeared plaintiff in error at the time of the accident was a common carrier by railroad engaged in interstate commerce, and that defendant in error was employed by it in such commerce, and therefore that the rights of the parties were determinable with reference to the federal statute (sections 51 and 54, title 45, U. S. Code, Annotated; and see 29 C. J. 689) entitling such a carrier, in a proper case, to invoke the doctrine of assumed risk, we think the conclusion that the testimony did not make such an issue is nevertheless correct. As we construe the evidence, there is no suggestion in any of it that the injury to defendant in error was due to anything else than negligence for which plaintiff in error